Paul Murphy (SBN 159556)
pmurphy@murphyrosen.com
Jodi Newberry (SBN 156300)
jnewberry@murphyrosen.com
MURPHY ROSEN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: 310-899-3300
Facsimile: 310-399-7201

Matthew M. Oliver (*Admitted Pro Hac Vice*)
moliver@lowenstein.com
Ruth Fong Zimmerman (*Admitted Pro Hac Vice*)
rzimmerman@lowenstein.com
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: 212-262-6700
Facsimile: 973-597-2381

*Attorneys for Plaintiff Bear Down Brands, LLC*

*Attorneys for Defendant listed on signature page*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BEAR DOWN BRANDS, LLC, a Delaware limited liability company,<br><br>   Plaintiff,<br><br>   v.<br><br>BORA SERVICES, S.R.L., a business entity organized under the laws of the Dominican Republic,<br><br>   Defendant. | CASE: 8:22-cv-01998-CJC-DFM<br><br>ORDER ON **STIPULATED PROTECTIVE ORDER**<br><br>**Hearing Date: N/A**<br>**Scheduling Order Date: July 6, 2023** |

Plaintiff Bear Down Brands, LLC ("Bear Down") and Defendant Bora Services, S.R.L. ("Bora") hereby stipulate to the following Protective Order, subject to entry by Order of the Court.

## I. PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

A. This action is likely to involve pricing policies; customer and pricing lists; and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information; information regarding confidential business practices or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), the disclosure of which the Producing Party reasonably believes could

cause harm to the business operations of the Producing Party or provide improper business or commercial advantage to others; confidential settlement agreements; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

   A.   <u>Action</u>:  The above captioned pending federal action entitled *Bear Down Brands, LLC. v. Bora Services, S.R.L.*, United States District Court, Central District, Case No. 8:22-CV-01998-CJC-DFM.

   B.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

   C.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   D.   <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

26(c), and as specified above in the Good Cause Statement, and which the Designating Party further believes, in good faith, to be so highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and immediate injury to the business or other related interests of the Designating Party. Such information includes, but is not limited to: non-public customer lists; business strategy or marketing plans; non-public price lists and/or pricing information; confidential information obtained from a non-party pursuant to a non-disclosure agreement that requires it to be designated as Highly Confidential to be produced or for which such non-party has conditioned production upon such designation; and any other information or Documents the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury. The use of such a designation shall be a certification to the court by the Designating Party that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Order.

      E.    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

      F.    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      G.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      H.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.  House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.  Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.  Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.  Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.  Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.  Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

P.  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

IV. **SCOPE**

A.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

-6-
STIPULATED PROTECTIVE ORDER


compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

    B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

    A.    Exercise of Restraint and Care in Designating Material for Protection

        1.    Each Party or Non-Party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        2.    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. Manner and Timing of Designations

1. Except as otherwise provided in this Order (see, e.g., Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

    a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After

the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        c.    For testimony given in depositions, Counsel for either Party believing he or she has a good faith basis to mark any portion of a deposition as Confidential or CONFIDENTIAL – ATTORNEYS' EYES ONLY may state such designation on the record, and such transcript of such deposition and the associated exhibits for such designated portion shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until thirty (30) calendar days after receipt of the final transcript of the deposition (not including corrections) to permit the opportunity for the Parties to review the transcript and designate information contained therein as "Confidential," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or to remove the prior assertion of such designation. A Party desiring to maintain the confidentiality of information disclosed at a deposition may designate the information under this Protective Order within thirty (30) calendar days of receipt of the transcript, by sending a written list of the portions of the transcript that contain such information to the Receiving Party, and requesting that the list be affixed to the face of the transcript and to each copy thereof. Only those portions so designated in writing will thereafter be handled and

marked in accordance with the provisions of this Protective Order. If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such Protected Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material, but in no event shall this provision be construed as permitting either party to exclude a party representative from any non-confidential portion of a deposition.

        d.     For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    C.    Inadvertent Failure to Designate

        1.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    A.    Timing of Challenges. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    B.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A.  Basic Principles

1.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.

3.  Nothing herein shall restrict the Parties from moving the Court to modify the terms of this Protective Order or the designation of any litigation material.

B.  Disclosure of "CONFIDENTIAL" Information or Items

1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      c.      Experts, together with their clerical staff, (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto;

      d.      The Court and its personnel;

      e.      Court reporters and their staff;

      f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

      g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" unless otherwise agreed to by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions

that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      i.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

      j.    Any other person as to whom the parties in writing agree.

C.    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

    1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      b.    Experts, together with their clerical staff, (as defined in this Order) of the Receiving Party who are not employees of the Receiving Party, and to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      c.    The Court and its personnel;

      d.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

   e. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   f. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and whom counsel legitimately believes may, might, or could have knowledge of the document designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" (Exhibit A) and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   g. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

   h. any other person as to whom the parties in writing agree.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    Make the information requested available for inspection by the Non-Party, if requested.

    C.    In the event that a Party seeks discovery from a non-party to this action, the non-party or a Party may invoke the terms of this Protective Order with respect to any Discovery Material produced by advising all Parties in this suit in writing. Any non-party that discloses Discovery Material under this Protective Order shall be entitled to the rights and obligation of a Party under this Protective Order with respect to those produced Discovery Materials. The use of this Protective Order by a non-party does not entitle that non-party to access the Protected Materials produced by any other Party or non-party in this action. Non-parties may move the Court to enforce the provisions of this Protective Order. Absent a court order to enforce non-party rights, non-parties have no rights under this Protective Order.  If a non-party produces Discovery Material in response to a subpoena from a Party in this litigation (requesting party) that includes information, testimony, or documents in which a non-requesting Party could reasonably assert a proprietary or confidentiality interest, then Outside Counsel for the requesting Party shall, within ten (10) business days of receipt of such discovery, produce such Discovery Material to counsel for the non-requesting Party.  The non-requesting Party shall then be permitted twenty-one (21) calendar days from the date such Discovery Material was produced to Counsel for the non-

requesting Party to review and classify the Discovery Material as permitted under this Protective Order. Outside Counsel for the requesting Party shall treat such Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY until: (1) receipt of a different designation from the non-requesting Party to whom the Discovery Material pertains within the time period for review by the non-requesting Party provided above, or (2) the time period for review by such non-requesting Party expires without the non-requesting Party providing a designation for the Discovery Material in which case the Discovery Material shall no longer be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or Protected Material based on the non-requesting Party's interest in the Discovery Material.

      D.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

      A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must, within a reasonable time, (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties shall be those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A. Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

B. Right to Assert Other Objections

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. Filing Protected Material

1. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected

Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A. After the final disposition of this Action, as defined in Section V, within sixty days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, subject to the preference of the Producing Party. If the Producing Party fails to declare its preference within thirty (30) calendar days following final disposition, the Receiving Party may determine whether to return or destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 25, 2023

By: /s/ Paul D. Murphy

Paul D. Murphy (SBN 159556)
MURPHY ROSEN LLP
100 Wilshire Blvd, Suite 1300
Santa Monica, CA 90401
T: (310) 899-3300
*pmurphy@murphyrosen.com*

*Attorneys for Plaintiff Bear Down Brands, LLC*

Dated: July 25, 2023

By: /s/ Matthew M. Oliver

Matthew M. Oliver (*Admitted PHV*)
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
T: 212-262-6700
*moliver@lowenstein.com*

*Attorneys for Plaintiff Bear Down Brands, LLC*

Dated: July 25, 2023

By: /s/ Josh Eichenstein

Josh Eichenstein (SBN 299392)
EICHENSTEIN LAW FIRM P.C.
2029 Century Park East, Suite 400
Los Angeles, CA 90067
T: (310) 237-5676
*Joshua@EichIPLaw.com*

*Attorneys for Defendant Bora Services, S.R.L.*

Dated: July 25, 2023

By: /s/ Darren Spielman
Darren Spielman (*Admitted PHV*)
THE CONCEPT LAW GROUP, P.A.
6400 N. Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
T: (754) 300-1457
*DSpielman@ConceptLaw.com*

*Attorneys for Defendant Bora Services, S.R.L.*

**FOR GOOD CAUSE SHOWN, IT IS ORDERED.**

Dated: August 2, 2023

DOUGLAS F. McCORMICK
United States Magistrate Court Judge